Bhatia & Associates PLLC
Satish K. Bhatia (SB9222)
38West 32ns Street, Suite 1511
New York, NY, 10001
Attorney for the Defendants

IN THE UNITED STATEST DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Emmelyn C. Calumba, Arlene G. Ferrera,　　　　　　　　　Docket #: 13-cv-8936

Eva Martina O. Machacon and Cleanda S.

Onciness

　　　　　　　　　Plaintiffs,　　　　　　　　　Verified Answer and

　　-against-　　　　　　　　　　　　　　　　Counterclaims

Raina Massey and Care WorldWide Inc.

　　　　　　　　　Defendants.
-----------------------------------------------------------------X

Defendants Raina Massey and Care Worldwide Inc. by their attorneys interpose there answer and counterclaim to the above complaint.

## RESPONSE TO PRELIMINARY STATEMENT

1. In reply to paragraph 1, the defendants submit that plaintiffs are not entitled to any relief under Trafficking Victims Protection Reauthorization Act (18 U.S.C. § 1589 and 18 U.S.C. §1590).

2. The allegations contained in paragraph 2, are vehemently denied. Each and every allegation in paragraph under reply is denied specifically and categorically.

3. The allegations contained in paragraph 3 are denied. It is dishonest on part of the plaintiffs to allege the defendants falsely told them that the corporation defendant had several medical/clinical research and office position that needed to be filled.

4. The allegations contained in paragraph 4 false and hence denied. Each and every allegation in paragraph under reply is denied specifically and categorically.

5. The allegations contained in paragraph 5 are denied. It is wrongly alleged that after approval of the immigration petitions the defendants advanced there scheme of fraud to the plaintiffs by providing them advice that plaintiffs needed to pay more money to defendant as in by way of withholding taxes in order to keep semblance that they were to maintain their H1B status and to report to the office once a week. The allegations contained in paragraph under reply are false and concocted.

6. The allegations contained in paragraph 6 are denied. The allegation of threatening and the allegation that plaintiff remained in fear of the defendant are totally false and had been made with ulterior and malafide motive.

7. The allegations contained in paragraph 7 are not only false but are misconceived. Each and every allegation in paragraph under reply is denied specifically and categorically. In fact the plaintiffs never signed any offer letter and never joined the corporation. It is wrongly alleged that the plaintiffs complained that they needed to do their work responsibility for their H1B position or defendants ever threatened to cancel or withdraw the approved petition as alleged in the paragraph under reply. Any other allegation contained in paragraph under reply not covered under above reply are contradictory to above reply are denied specifically and categorically.

8. The allegations contained in paragraph 8 are denied. The allegations are not only false and/or frivolous but they are scandalous in nature.

## JURISDICTION AND VENUE

9. Defendants denied the allegations contained in paragraph 9 and refer all questions of all to the court.

10. Defendants denied the allegations contained in paragraph10 and refer all questions of all to the court.

11. Defendants denied the allegations contained in paragraph 11 and refer all questions of all to the court.

## PARTIES

12. Allegations contained in paragraph 12 are denied due to lack of knowledge sufficient to form belief as to the truth of the allegations contained therein.

13. Allegations contained in paragraph 13 are denied due to lack of knowledge sufficient to form belief as to the truth of the allegations contained therein.

14. Allegations contained in paragraph 14 are denied due to lack of knowledge sufficient to form belief as to the truth of the allegations contained therein.

15. Allegations contained in paragraph 15 are denied due to lack of knowledge sufficient to form belief as to the truth of the allegations contained therein.

16. Allegations contained in paragraph 16 are not disputed by the defendant except that defendant Raina Massy claimed to be medical doctor. Defendant Raina Massy is physician but has not obtained any license to practice medicine in the United States. The plaintiffs were fully aware that Defendant Raina Massy was not a license physician in New York or New Jersey. Defendant Raina Massy never practice medicine or intend to practice medicine.

17. Allegations contained in paragraph 17 are not disputed.

18. In reply to paragraph 18 it is submitted that defendant Care Worldwide is currently inactive.

19. Allegations contained in paragraph 19 are not disputed.

20. Allegations contained in paragraph 20 are denied as the plaintiffs never joined and start working with defendant Care Worldwide Inc.

21. Allegations contained in paragraph 21 are denied as the plaintiffs never joined and start working with defendant Care Worldwide Inc.

22. Allegations contained in paragraph 22 are not disputed.

23. Allegations contained in paragraph 23 are not disputed.

24. Allegations contained in paragraph 24 are not disputed.

25. Allegations contained in paragraph 25 are denied.

26. Allegations contained in paragraph 26 are denied. However, defendants refer all question of all to the Court.

27. Allegations contained in paragraph 27 are denied.

28. Allegations contained in paragraph 28 are not disputed.

29. Allegations contained in paragraph 29 are not disputed.

30. Allegations contained in paragraph 30 are not disputed.

31. Allegations contained in paragraph 31 or matter of record and hence need no reply.

32. Allegations contained in paragraph 32 are not disputed.

## STATEMENT OF FACTS

33. Allegations contained in paragraph 33 are denied. It is wrong to allege that Defendant Massy formed and incorporated Defendant Care Worldwide Inc. for the purpose of sponsoring immigrants or for the purpose of applying candidates H-1B sponsorship.

34. Allegations contained in paragraph 34 are admitted to the extent that defendant Massy utilized the services or two employment agencies. The rest of the allegations contained in paragraph under reply are denied.

35. Allegations contained in paragraph 35(a) 35(b) are not disputed. Allegations contained in paragraph 35(c) denied to the extent that Defendant Massy informed the plaintiff that Care Worldwide Inc could sponsor Machacon as a quality assistant officers for equipment. Allegations contained in paragraph 35d are not disputed.

36. In reply to paragraph 36 is it submitted that Defendant Massy conducted some of the interviews for H1B candidates.

37. Allegations contained in paragraph 37 are denied. Each and every allegation in paragraph under reply is denied specifically and categorically.

38. Allegations contained in paragraph 38 are denied. The answering defendant never required the plaintiffs to pay immigration application fees.

    38a) Allegations contained in paragraph 38(a) are admitted to the extent that a check in sum $3,500 was given by the plaintiff Calumba. The rest of the allegations contained in paragraph 38(a) are denied.

    38(b) Allegations contained in paragraph 38(b) are admitted to the extent that plaintiff Ferrra paid a sum of $3,500. The rest of the allegations are denied.

    38(c) In reply to paragraph 38(c) is submitted that Defendant Massy received $4,500 towards training fee. The rest of the allegations are denied.

    38(d) In reply to paragraph 38(d) the plaintiff Oncines paid a sum of $3,500 towards training fee. The rest of the allegations are denied.

39. Allegations contained in paragraph 39 are denied.

40. In reply to paragraph 40 the defendant submits that they retrained the immigration attorney to prepare and file plaintiff's H1B petition after approval of the LCA.

41. Allegations contained in paragraph 41 are denied.

42. Allegations contained in paragraph 42 are denied.

43. Allegations contained in paragraph 43 are admitted to the extent that defendant Massy use to sign the immigration petition and supporting documents prepared by the attorneys.

44. Allegations contained in paragraph 44 are disputed.

45. Allegations contained in paragraph 45 are disputed.

46. Allegations contained in paragraph 46 are denied.

47. Allegations contained in paragraph 47 are denied.

48. Allegations contained in paragraph 48 are denied.

49. Allegations contained in paragraph 49 are denied.

50. Allegations contained in paragraph 50 are denied.

51. Allegations contained in paragraph 51 are denied.

52. Allegations contained in paragraph 52 are denied.

53. Allegations contained in paragraph 53 as stated are not admitted. Defendants always responded to emails and phone calls received by the defendants.

54. Allegations contained in paragraph 54, it is submitted that defendants advised the plaintiff Machacon to bring the completed and signed offer of employment and also bring W-4 and 9I forms. Any allegations contained in paragraph under reply not cover under above reply are contradictory to above reply are denied specially and categorically.

55. Allegations contained in paragraph 55 are denied.

56. Allegations contained in paragraph 56 are denied.

57. Allegations contained in paragraph 57 are denied.

58. In reply to paragraph 58 it is submitted that defendant terminated the employment due to failure of the plaintiffs to join duties with the defendant Care Worldwide Inc.

59. Allegations contained in paragraph 59 are denied.

60. Allegations contained in paragraph 60 are denied.

61. Allegations contained in paragraph 61 are denied.

## FIRST CAUSE OF ACTION

62. In reply to paragraph 62 the defendants reiterates the averments contained in paragraph 1-61 in the answer.

63. In reply to paragraph 63 it is submitted the plaintiffs were not entitled to bring this action against the defendants.

64. The defendants refer the court to the question of law.

65. Allegations contained in paragraph 65 are denied.

66. Allegations contained in paragraph 66 are denied.

67. Allegations contained in paragraph 67 are denied.

68. Allegations contained in paragraph 68 are denied.

69. Allegations contained in paragraph 69 are denied.

70. Allegations contained in paragraph 70 are denied.

71. Allegations contained in paragraph 71 are denied.

## SECOND CAUSE OF ACTION

72. In reply to paragraph 72 the defendants reiterates the averments contained in paragraph 1-71 in the answer.

73. In reply to paragraph 73 it is submitted the plaintiffs were not entitled to bring this action against the defendants.

74. The defendants refer the court to the question of law.

75. Allegations contained in paragraph 75 are denied.

76. Allegations contained in paragraph 76 are denied.

77. Allegations contained in paragraph 77 are denied.

78. Allegations contained in paragraph 78 are denied.

79. Allegations contained in paragraph 79 are denied.

80. Allegations contained in paragraph 80 are denied.

81. Allegations contained in paragraph 81 are denied.

## THIRD CAUSE OF ACTION

82. In reply to paragraph 82 the defendants reiterates the averments contained in paragraph 1-81 in the answer.

83. Allegations contained in paragraph 83 are denied.

84. Allegations contained in paragraph 84 are denied.

85. Allegations contained in paragraph 85 are denied.

## FOURTH CAUSE OF ACTION

86. In reply to paragraph 86 the defendants reiterates the averments contained in paragraph 1-85 in the answer.

87. Allegations contained in paragraph 87 are denied.

88. Allegations contained in paragraph 88 are denied.

89. Allegations contained in paragraph 89 are denied.

90. Allegations contained in paragraph 90 are denied.

91. Allegations contained in paragraph 91 are denied.

92. Allegations contained in paragraph 92 are denied.

93. Allegations contained in paragraph 93 are denied.

94. Allegations contained in paragraph 94 are denied.

95. Allegations contained in paragraph 95 are denied.

96. Allegations contained in paragraph 96 are denied.

## FIFTH CAUSE OF ACTION

97. In reply to paragraph 97 the defendants reiterates the averments contained in paragraph 1-96 in the answer.

98. Allegations contained in paragraph 98 are denied.

99. Allegations contained in paragraph 99 are denied.

100. Allegations contained in paragraph 100 are denied.

101. Allegations contained in paragraph 101 are denied.

102. Allegations contained in paragraph 102 are denied.

103. Allegations contained in paragraph 103 are denied.

104. Allegations contained in paragraph 104 are denied.

## FIRST AFFIRMATIVE DEFENSE

105. The complaint, in whole in part, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

106. Subject to proof through discovery, the complaint is barred, in which or in part, by applicable statute of limitation and/or filing periods.

## THRID AFFIRMATIVE DEFENSE

107. If the defendants have found to have failed to pay any of the plaintiff and/or any putative member of the purported class alleged in the complaint any amount due, which defendants deny, defendants acted at all times on the basis of good faith and reasonable belief that their actions were incompliance with all applicable State and Federal Statue and therefore defendants action were not willful.

## FOURTH AFFIRMATIVE DEFENSE

108. The plaintiffs' demand for liquidated damages renders this action inappropriate for treatment as class action.

## FIFTH AFFIRMATIVE DEFENSE

109. The plaintiffs claims are barred by the doctrine of equitable estoppel.

## SIXTH AFFIRMATIVE DEFENSE

110. The plaintiffs are not entitled to punitive damages under the New York State Human Rights Law.

## SEVENTH AFFIRMATIVE DEFENSE

111. Plaintiffs' compensatory and punitive damages under title 7 are subject to statutory cap.

## EIGHT AFFIRMATIVE DEFENSE

112. The plaintiffs' claims are barred on the ground that all actions taken by the defendants were for legitimate and non discriminatory reasons.

## FIRST COUNTERCLAIM

113. The defendants reiterate the averments contained in paragraph 1- 112 in the answer.

114. Defendant Care Worldwide Inc had 76 million dollar worth of research work to be completed within a reasonable time. The plaintiffs knew and were aware of the defendants' responsibility to complete the research work in timely manner. The plaintiffs used the defendant corporation to obtain immigration status in the US knowingly fully well they had no intention to join the defendant corporation.

115. The research work to be completed by the defendant was eventually supported by the state of New Jersey sponsored unemployment applicants who supported to complete some of the pending work.

116. The state of New Jersey paid their salary and supported Care Worldwide at the time of crisis. The other H1B sponsor applicants continued to work without any hindrance.

117. The plaintiffs approached those applicants to join them in competitive to open a new corporation. The plaintiffs tried to prevail upon those applicants to declare that Care Worldwide Inc is a fraud. The plaintiffs also tried to convince the applicants that once Care Worldwide is declared as a fraud company they would get U-Visa as advised by the plaintiff's attorney.

118. Due to illegal and tortuous conduct of the plaintiffs the defendant corporation has lost its good will and many clients. The defendants claim damages in sum of 10 million dollars due to inability of the defendant to complete the research work in a timely manner.

## SECOND COUNTERCLAIM

119. The defendants reiterate the averments contained in paragraph 1- 119 of the answer.

120. Due to tortuous conduct of the plaintiff in defaming the defendants defendant Massy suffer torture, mental agony, depression and humiliation.

121. Defendant Massy claims damages in sum of 2 million dollars due to mental agony, depression and humiliation as a result of the tortoise conduct of the plaintiffs.

## THIRD COUNTERCLAIM

122. The defendant reiterates the averments contained in paragraph 1- 121 of the answer.

123. The plaintiffs have already defamed the defendant through TV channel and newspapers without any justification.

124. The plaintiffs are still threatening that they will defame the defendant through TV channel and newspapers and will not allow defendant cooperation to function.

125. The defendants demand judgment for injunction restraining the plaintiffs to further defame the defendants in any manner what so ever.

## FOURTH COUNTERCLAIM

126. The defendants reiterate the averments contained in paragraph 1- 125 of the answer.

127. The conduct of the plaintiffs to drag the defendants in false and frivolous litigation is wanton, oppressive, in bad faith, with ulterior motive. The defendants claim punitive damages to be determined by the court.

## FIFTH COUNTERCLAIM

128. The defendants reiterate the averments contained in paragraph 1- 121 of the answer.

129. Due to false and frivolous action commenced by the plaintiffs, the defendants had incurred legal expenses and would continue to incur legal expenses in defending false and frivolous action. Defendant claim judgment for attorney fees not less than 25,000 dollars.

**Wherefore**, the defendants request that the complaint be dismissed and the judgment for relief requested in first to fifth counterclaims be granted along with any just and proper relief.

Date

February 18, 2014

Satish K. Bhatia (SB9222)
Bhatia & Associates
38 West 32nd Street, Suite 1511
New York, NY 10001
(212) 239-6898

# VERIFICATION

The undersigned, an attorney duly admitted to practice law in the state of New York and in the Southern District Court of New York, under penalty of perjury, hereby affirms and verifies that:

I am the attorney for the Defendants Raina Massey and Care Worldwide Inc;

I have read and know the contents of the foregoing Answer along with affirmative defenses and Counterclaims; that the same are true to the knowledge of the undersigned, except as to the matters therein stated to be alleged upon information and belief and as to those matters I believe them to be true.

The reason this verification is made by the undersigned counsel, and not the defendants, is because they do not reside in and are not readily available within the county wherein I maintain my office for the practice of law, and the undersigned is in possession of the salient papers in connection with the action herein.

February 18, 2014. New York, NY

Satish K. Bhatia (sb 9222)